NO. 07-07-0048-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 14, 2007

_____

IN RE: R. WAYNE JOHNSON, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Relator R. Wayne Johnson has filed a petition requesting issuance of a writ of mandamus directing the Honorable Charles Chapman, Judge of the 39th District Court of Haskell County, to rule on a motion for discovery sanctions in a pending civil suit filed by relator in that court. We dismiss the petition for want of jurisdiction.

Relator cites Government Code section 22.221(b) as the source of our authority to issue the writ requested.[1] That statute provides courts of appeals may issue writs of mandamus, "agreeable to the principles of law regulating those writs," against judges of district or county courts "in the court of appeals district[.]" Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004). The 39th Judicial District encompasses four counties, one of which, Kent

---

[1] We agree our writ authority under Government Code section 22.221(a), which authorizes our issuance of writs necessary to enforce our jurisdiction, is not implicated by relator's petition.

County, is within the seventh court of appeals district. *See* Tex. Gov't Code Ann. §§ 24.141 (39th judicial district composed of Haskell, Kent, Stonewall and Throckmorton counties); 22.201(h) (seventh court of appeals district includes Kent County). But Haskell County, in which relator's underlying proceeding is pending, is not in our court of appeals district. Cases from Haskell County are appealed to the eleventh court of appeals. Tex. Gov't Code Ann. § 22.201(l) (Vernon Supp. 2006).

Application of the geographical restriction on our jurisdiction under section 22.221(b) must take into account the county in which relator's underlying proceeding is pending. *Cf. Turtur v. Lee*, 702 S.W.2d 309, 312 (Tex.App.–El Paso 1986, orig. proceeding) (applying statute before 1987 amendment).[2] We find we have no jurisdiction to address relator's petition seeking mandamus relief in a pending case over which a sister court of appeals will have appellate jurisdiction. Accordingly, relator's petition is dismissed.


James T. Campbell
Justice

---

[2] The court in *Turtur* considered the geographical limits to the appellate jurisdiction of the courts of appeals among the "principles of law regulating" issuance of writs. 702 S.W.2d at 311.