

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00032-CV

**R. WAYNE JOHNSON,**

                                            **Appellant**

 **v.**

**JANA HARRISON AND LARONNA PEEPLES,**

                                            **Appellee**

_____

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 81703

_____

# OPINION

_____

R. Wayne Johnson, a prison inmate housed in the Clements Unit in Amarillo, Texas, has been in prison for some time now. He was convicted for "aggravated rape" and sentenced in 1978 to 99 years in prison.

### R. WAYNE JOHNSON AS A VEXATIOUS LITIGANT

This opinion documents that the current Chapters 11 and 14 of the Texas Civil Practice and Remedies Code have not been effective at curbing abusive litigation by some inmates.

## HISTORY WITH THE COURT OF CRIMINAL APPEALS

Johnson filed his first application for writ of habeas corpus with the Court of Criminal Appeals in 1983. He has since filed at least 23 more proceedings, either applications for writ of habeas corpus or petitions for writ of mandamus, with the Court of Criminal Appeals, the last one being filed in June of 2012. All were summarily denied or dismissed. (*See* Appendix 1 attached).

## HISTORY WITH CIVIL COURTS

Johnson has been even more prolific in the civil litigation arena. We have documented 108 proceedings, appeals, and petitions for writ of mandamus, in the various Courts of Appeal with most of them falling to the Seventh Court of Appeals in Amarillo for disposition. (*See* Appendix 2 attached). The proceedings in the appellate courts first appeared in 1989. We have made no effort to determine the number of trial court proceedings involving Johnson. Likewise, we have not attempted to document the proceedings Johnson may have filed in any Federal Court.

By June 14, 2001, as a result of his civil litigation proceedings, the 156th District Court in Bee County found Johnson to be a "vexatious litigant"[1] as provided for in Chapter 11 of the Civil Practice and Remedies Code. The trial court judge also rendered an order pursuant to section 11.101 prohibiting Johnson from initiating litigation in any Texas court without obtaining permission of "a local administrative judge." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101 (West Supp. 2012). This is commonly called a

---

[1] Johnson appears on the vexatious-litigant list (http://www.txcourts.gov/oca/vexatiouslitigants.asp) maintained by the Office of Court Administration.

"prefiling" order. This action did not stop Johnson from filing frivolous proceedings. By October 5, 2012, the Texarkana Court of Appeals documented 13 appellate court proceedings since 2004 in which the courts of appeals have dealt with Johnson just in his capacity as a vexatious litigant. *Johnson v. Hughey*, No. 06-12-00079-CV, 2012 Tex. App. LEXIS 8406, *1 fn2 (Tex. App.—Texarkana Oct. 6, 2012, no pet.) (mem. op.).

It would be logical to assume that after filing as many civil proceedings as Johnson has, Johnson would understand more about the litigation process and be more capable of pursuing a case through the judicial system and obtain a decision on its merits. However, based on a study of his history in state appellate courts, Johnson starts a case but is seldom able to keep it from being dismissed. His mandamus proceedings are routinely summarily denied without an opinion on the merits and without the court wherein it is filed even requesting a response. TEX. R. APP. P. 52.4; 52.8(d). Despite the extent and frequency of filing claims, he has not learned what it takes to prove a claim or what is necessary to obtain relief by mandamus. He starts a lot, but frequently is stopped due to a procedural failure of his own making. All his litigation has achieved is the harassment of those he sues and the court employees and judges who must deal with him. His methods do nothing but consume judicial resources and the resources of Johnson's target litigant *du jure*. Only if that is the intended goal would a person start so many proceedings but yet never give them the attention needed to see them through to a proper finish.

Thus, the only explanation, other than Johnson is incapable of learning from his

prior mistakes that resulted in his proceedings being dismissed, is that Johnson understands exactly what he is doing. That is the only rational explanation for what he does. It appears his objective is to use the judicial system to harass others. It is for that reason we have undertaken this effort to document his abuse of the judicial system and to award the current target of his harassment whatever relief we can, and impose such other sanctions as we think may inhibit him, and other inmates, from using similar tactics in the future. It is inmates like Johnson that make it where other inmates with legitimate complaints may get lost in the system because the judicial system sees so many frivolous claims by vexatious litigants coming from inmates in our penal system.

## OUR DIRECT ENCOUNTER

In this current proceeding pending in our Court, R. Wayne Johnson's civil suit against Jana Harrison and Laronna Peeples was dismissed after Johnson, within ten days, did not obtain permission from the local administrative judge to file the suit. Johnson appeals.

### The Trial Court Proceeding

Johnson filed suit in Ellis County against Jana Harrison[2] for allegedly violating Johnson's right to free speech. In the same proceeding, he sued Laronna Peeples, a Collin County deputy district clerk, for refusing to file a prior suit against Harrison. Collin County, on behalf of Peeples, filed a notice with the trial court clerk, bringing the

---

[2] From the record, it appears that Harrison was served but did not answer the suit. The dismissal of the suit dismissed Johnson's claims against Harrison. Our judgment of dismissal also dismisses Johnson's appeal against Harrison. Because Peeples is the one who moved to dismiss the trial court proceeding and to dismiss the appeal and sought sanctions, the remainder of this opinion will only address Peeples.

trial court's attention to the fact that Johnson is a vexatious litigant and is subject to a prefiling order. Rather than immediately dismiss the suit, the trial court ordered Johnson's suit stayed and ordered that unless Johnson obtained permission from the local administrative judge to file the suit within 10 days the suit would be dismissed. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.102; 11.103(b) (West Supp. 2012). Rather than even try to properly obtain permission to file suit, Johnson tendered for filing a document titled, "Plaintiff's Verified Motion to Strike Criminal-Frivolous Pleadings, For Sanctions – And Constitutional Objections Per Rule 33.1." Because Johnson failed to obtain permission to file the proceeding within 10 days of the trial court's earlier order, the trial court then dismissed Johnson's suit.

*The Appellate Court Proceeding*

Johnson filed his notice of appeal with the district clerk. We received a copy of the notice of appeal from the Ellis County District Clerk when the record was filed. Johnson's brief was filed on March 16, 2011.[3] Peeples' brief was filed on April 13, 2011. A reply brief was filed on April 21, 2011. In May of 2011, Johnson began filing motions which were very difficult for the Court to understand. And although the motions were required to be served on Peeples and contained a certificate, in fact, they were not properly served. To give the reader a "flavor" for what we have received from Johnson, the verbatim titles of the motions include:

1. Motion to Strike Defendant Harrison; Motion to Issue Show Cause of

---

[3] This appeal is being decided under Chapters 11 and 14 of the Civil Practice and Remedies Code as they existed prior to the amendments made during the 82nd legislative session; but substantively, those amendments would not impact this opinion.

Johnson v. Harrison                                                                                           Page 5

Contempt on Davis-Motion to Expidite OR to File-Mandamus (Void Order); and

**2.** Motion to Determine Respondents ORDER VOID: Violates a MANDATORY STATUTE.

*Motion for Sanctions*

In response to some of those motions, Peeples filed a motion for sanctions under Rule of Appellate Procedure 45 on May 23, 2011. Peeples asserts that Johnson's appeal is frivolous because, among other reasons, Johnson had no reasonable expectation of reversal, his appeal sought to re-litigate an issue previously decided against him several times, and he failed to cite those prior opinions in his briefs.

Johnson's claim in this appeal is that the Bee County District Court's order declaring him to be a vexatious litigant and requiring him to obtain prior approval before filing a proceeding is void and that the 40th District Court of Ellis County violated Johnson's due process rights by relying on the allegedly void order. Johnson makes absolutely no understandable or intelligible legal argument to support his claim.

The order from Bee County was rendered on June 14, 2001 and prohibits Johnson from "filing any more litigation in Texas courts without permission of a local administrative judge." *See* Office of Court Administration, *Vexatious Litigant Order*, http://www.txcourts.gov/oca/pdf/vex/RWayneJohnson-akaLegalEagle.pdf (last visited March 21, 2013). Johnson's attack of that order is not properly before us; it should have been brought in the appeal of the case in which that order was rendered. Johnson could not have a reasonable expectation of reversal of his appeal to this Court from a

dismissal of a trial court case he filed in Ellis County based on his first issue which is to attack the Bee County district court's decade old prefiling order.

And because Johnson's second issue depends on a favorable determination of his first issue, Johnson could not have a reasonable expectation of reversal based on his second issue. If there ever could have been a question of the lack of merit to his legal argument, it was put to rest by having the same issue previously decided against his argument. The same or substantially similar arguments have been repeatedly rejected on their merits. *See e.g.*, *Johnson v. Clark*, Nos. 07-11-00122-CV & 07-11-00334-CV, 2011 Tex. App. LEXIS 8593 (Tex. App.—Amarillo Oct. 28, 2011, no pet.) (mem. op.); *In re Johnson*, No. 07-09-0035-CV, 2009 Tex. App. LEXIS 6831 (Tex. App.—Amarillo Aug. 27, 2009, orig. proceeding) (mem. op.); *In re Johnson*, No. 07-07-00431-CV, 2009 Tex. App. LEXIS 5795 (Tex. App.—Amarillo July 27, 2009, orig. proceeding) (mem. op.); *In re Johnson*, No. 07-07-00245-CV, 2008 Tex. App. LEXIS 5110 (Tex. App.—Amarillo July 9, 2008, orig. proceeding) (mem. op.).

## Conclusion

Because Johnson could not have had a reasonable expectation of reversal and because his appeal sought to re-litigate issues previously decided against him, we agree with Peeples that this appeal is frivolous and grant her motion. *See* TEX. R. APP. P. 45. This appeal is dismissed as frivolous. *See* TEX. GOV'T CODE ANN. § 498.0045(a) (West 2012); *see also Ex parte Clark*, No. 14-12-00298-CR, 2012 Tex. App. LEXIS 3812 (Tex. App.—Houston [14th Dist.] May 15, 2012, pet. dism'd) (not designated for publication)

(appeal dismissed as frivolous pursuant to TEX. GOV'T CODE ANN. § 498.0045). Further, as sanctions for filing this frivolous appeal, attorneys' fees and costs in the amount of $5,278.85 are awarded to Peeples.[4]

Additionally, this opinion and related judgment, expressly dismissing this proceeding as frivolous, authorizes the Texas Department of Criminal Justice to forfeit Johnson's good time credit pursuant to Texas Government Code section 498.0045(b). TEX. GOV'T CODE ANN. § 498.0045(b) (West 2012). The Clerk is ordered to provide notice of this opinion and judgment to the appropriate offices at the Texas Department of Criminal Justice including the Correctional Institutions Division and the Parole Division.

### OTHER PENDING MOTIONS

Further, we rule on Johnson's pending motions as follows:

1. **"Motion to Supplement Record" filed on May 9, 2011.** The motion actually is to file an omitted page from Johnson's reply brief wherein he seeks to strike Peeples' brief. The motion to file the page is granted, but the relief requested to strike Peeples' brief is denied.

2. **"Motion to Strike Defendant Harrison[;] Motion to Issue Show Cause of Contempt on Davis-Motion to Expidite or to File Mandamus (Void Order)" filed on May 9, 2011.** All three motions, as well as the alternative relief to the third motion are denied.

3. **"Motion to Determine the Court's Jurisdiction" filed on May 31, 2011.** This motion is superseded by an amended motion filed on August 12, 2011.

---

[4] We first noticed Peeples to provide support for her attorney's fees and cost and any other type sanction she sought on February 5, 2013. Peeples' response and affidavit supporting attorney's fees and litigation expenses in the amount of $5,278.85 was filed on February 14, 2013. We then noticed Johnson on February 20, 2013 to respond to why the sanctions, including forfeiture of good time credits, should not be imposed on Johnson. Johnson was to respond, if at all, by March 13, 2013. He did not timely respond.

4. **"Appellant's Amended Motion to Determine Jurisdiction" filed on August 12, 2011.** In this motion, Johnson mixes issues of venue and jurisdiction. Apparently in a late effort to avoid sanctions, he attempts to assert neither the trial court, where he chose to sue, nor this Court, to which he brought this appeal, have jurisdiction. We grant the motion to the extent that we have considered our jurisdiction and have determined that we have jurisdiction of the appeal and thus, also have jurisdiction of the motion for sanctions.

5. **"Motion to Determine Respondents Order Void: Violates a Mandatory Statute" filed on November 3, 2011.** Although this is an appeal, Johnson discusses and presents this issue as if it was a mandamus proceeding. It is not. Johnson asserts essentially the same arguments in this motion as he did in his amended motion to determine jurisdiction. Because this is not a mandamus proceeding, this motion is dismissed as moot.

6. **"Motion to Afford – Due Process for Sanctions: Motion Showing <u>No</u> Jurisdiction" filed on February 19, 2013.** Johnson presented these two motions after we noticed Peeples to provide information regarding sanctions sought against Johnson. We dismiss the "Motion to Afford – Due Process" as moot since that is precisely what we did and were doing when we provided notice to Johnson on February 20, 2013 to explain why sanctions should not be imposed against him. The "Motion Showing <u>No</u> Jurisdiction" is dismissed as moot because we have independently considered our jurisdiction and have found we have jurisdiction of this appeal and the motion for sanctions against Johnson.

To the extent there is any other motion pending filed by Johnson, it is dismissed.

**FEES**

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208 (West Supp. 2012); § 51.941(a) (West 2005). Under these circumstances, we suspend the

rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed by Johnson for which judgment will be rendered and the Texas Department of Criminal Justice appropriately notified.

### INDEX TO APPENDICES TO THIS OPINION

1. Listing of Proceedings in the Court of Criminal Appeals filed by Johnson.

2. Listing of Proceedings in the Courts of Appeals filed by Johnson.

3. Final Order and Judgment in this appeal.

4. Notice of Final Order and Judgment to Texas Department of Criminal Justice – Texas Government Code, Section 498.0045(A).

5. Notice of Final Order and Judgment to Texas Department of Criminal Justice – Texas Government Code, Section 501.014(E).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed as frivolous
Opinion delivered and filed March 28, 2013
[CV06]

| | Case Number | Date Filed | Style | v. |
|---|---|---|---|---|
| 📁 | WR-13,481-24 | 6/29/2012 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-23 | 3/15/2012 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-22 | 2/2/2012 | Johnson, Ronald Wayne | |
| 📁 | WR-75,883-01 | 5/16/2011 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-21 | 2/19/2010 | JOHNSON, RONALD WAYNE | |
| 📁 | WR-13,481-20 | 1/6/2009 | JOHNSON, RONALD WAYNE | |
| 📁 | WR-13,481-19 | 9/10/2008 | JOHNSON, RONALD WAYNE | |
| 📁 | WR-13,481-18 | 7/17/2007 | JOHNSON, RONALD WAYNE | |
| 📁 | WR-13,481-17 | 12/1/2005 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-16 | 11/30/2005 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-15 | 8/16/2004 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-14 | 6/22/2004 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-13 | 3/22/2004 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-12 | 10/9/2003 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-11 | 7/23/2003 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-10 | 10/29/2002 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-09 | 5/10/1993 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-08 | 3/30/1990 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-07 | 3/16/1989 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-05 | 9/8/1986 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-04 | 8/21/1985 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-03 | 12/20/1984 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-06 | 6/13/1984 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-02 | 2/9/1984 | Johnson, Ronald Wayne | |
| 📁 | WR-13,481-01 | 11/30/1983 | Johnson, Ronald Wayne | |

Texas Court of Criminal Appeals Case Search,
http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled
=&DateFiled2=&Style=Johnson%2C+Ronald+Wayne&Style_2=&COACaseNumberNo=#
Found (last visited March 21, 2013).

## Appendix 2

1. *In re Johnson*, NO. 03-13-00043-CV, COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN, 2013 Tex. App. LEXIS 2647, March 14, 2013, Filed

2. *In re Johnson*, No. 07-12-0501-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2013 Tex. App. LEXIS 2202, March 5, 2013, Decided

3. *In re Johnson*, No. 11-13-00059-CV, COURT OF APPEALS OF TEXAS, ELEVENTH DISTRICT, EASTLAND, 2013 Tex. App. LEXIS 1608, February 21, 2013, Decided, February 21, 2013, Opinion Filed

4. *Johnson v. Rodriguez*, NO. 07-11-0485-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2012 Tex. App. LEXIS 9751, November 28, 2012, Decided

5. *In re Johnson*, NO. 07-12-00445-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2012 Tex. App. LEXIS 9424, November 13, 2012, Decided

6. *In re Johnson*, NO. 07-12-00406-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2012 Tex. App. LEXIS 8734, October 17, 2012, Decided

7. *Johnson v. Hughey*, No. 06-12-00079-CV, COURT OF APPEALS OF TEXAS, SIXTH DISTRICT, TEXARKANA, 2012 Tex. App. LEXIS 8406, October 4, 2012, Submitted, October 5, 2012, Decided

8. *Johnson v. Ellison*, No. 06-12-00069-CV, COURT OF APPEALS OF TEXAS, SIXTH DISTRICT, TEXARKANA, 2012 Tex. App. LEXIS 7652, September 5, 2012, Submitted, September 6, 2012, Decided

9. *Johnson v. Garcia*, No. 04-12-00024-CV, COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO, 2012 Tex. App. LEXIS 6771, August 15, 2012, Delivered, August 15, 2012, Filed

10. *Johnson v. Castro*, No. 04-12-00195-CV, COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO, 2012 Tex. App. LEXIS 6490, August 8, 2012, Delivered, August 8, 2012, Filed

11. *In re Johnson*, NO. 03-12-00224-CV, COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN, 2012 Tex. App. LEXIS 5919, July 19, 2012, Filed

12. *Johnson v. Denton*, NO. 07-11-00486-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2012 Tex. App. LEXIS 5794, July 18, 2012, Decided

13. *In re Johnson*, NO. 07-12-00250-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2012 Tex. App. LEXIS 5358, July 5, 2012, Decided

14. *In re Johnson*, No. 04-12-00327-CV, COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO, 2012 Tex. App. LEXIS 4651, June 13, 2012, Delivered, June 13, 2012, Filed

15. *In re Johnson*, No. 06-12-00057-CV, COURT OF APPEALS OF TEXAS, SIXTH DISTRICT, TEXARKANA, 2012 Tex. App. LEXIS 4625, June 11, 2012, Submitted, June 12, 2012, Decided

16. *In re Johnson*, No. 10-12-00139-CV, COURT OF APPEALS OF TEXAS, TENTH DISTRICT, WACO, 2012 Tex. App. LEXIS 3947, May 16, 2012, Opinion Delivered, May 16, 2012, Opinion Filed

17. *In re Johnson*, No. 04-12-00078-CV, COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO, 2012 Tex. App. LEXIS 1330, February 22, 2012, Delivered, February 22, 2012, Filed, Released for Publication June 21, 2012.

18. *In re Johnson*, 13-12-00024-CV, COURT OF APPEALS OF TEXAS, THIRTEENTH DISTRICT, CORPUS CHRISTI - EDINBURG, 2012 Tex. App. LEXIS 3577, February 9, 2012, Decided, DECISION WITHOUT PUBLISHED OPINION

19. *In re Johnson*, No. 04-12-00013-CV, COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO, 2012 Tex. App. LEXIS 997, February 8, 2012, Delivered, February 8, 2012, Filed, Writ of mandamus denied *In re Johnson*, 2012 Tex. App. LEXIS 4651 (Tex. App. San Antonio, June 13, 2012)

20. *In re Johnson*, NUMBER 13-12-00024-CV, COURT OF APPEALS OF TEXAS, THIRTEENTH DISTRICT, CORPUS CHRISTI - EDINBURG, 2012 Tex. App. LEXIS 460, January 18, 2012, Delivered, January 18, 2012, Filed, Rehearing denied by *In re Johnson*, 2012 Tex. App. LEXIS 3577 (Tex. App. Corpus Christi, Feb. 9, 2012)

21. *In re Johnson*, NO. 07-11-00497-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2012 Tex. App. LEXIS 336, January 13, 2012, Decided

22. *In re Johnson*, NO. 07-11-00433-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2011 Tex. App. LEXIS 8662, October 31, 2011, Decided

23. *In re Johnson*, No. 06-11-00116-CV, COURT OF APPEALS OF TEXAS, SIXTH DISTRICT, TEXARKANA, 2011 Tex. App. LEXIS 8583, October 27, 2011, Submitted, October 28, 2011, Decided

24. *Johnson v. Clark*, NO. 07-11-00122-CV; 07-11-00334-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2011 Tex. App. LEXIS 8593, October 28, 2011, Decided

25. *In re Johnson*, No. 06-11-00096-CV, COURT OF APPEALS OF TEXAS, SIXTH DISTRICT, TEXARKANA, 2011 Tex. App. LEXIS 8003, October 6, 2011, Submitted, October 7, 2011, Decided

26. *Johnson v. Cornelius*, NO. 07-11-00091-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2011 Tex. App. LEXIS 7762, September 28, 2011, Decided, Writ of mandamus denied *In re Johnson*, 2011 Tex. App. LEXIS 8662 (Tex. App. Amarillo, Oct. 31, 2011)Writ of mandamus denied *In re Johnson*, 2012 Tex. App. LEXIS 5358 (Tex. App. Amarillo, July 5, 2012)

27. *In re Johnson*, No. 10-11-00340-CV, COURT OF APPEALS OF TEXAS, TENTH DISTRICT, WACO, 2011 Tex. App. LEXIS 7674, September 21, 2011, Opinion Delivered, September 21, 2011, Opinion Filed

28. *In re Johnson*, No. 05-11-01010-CV, COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS, 2011 Tex. App. LEXIS 6341, August 11, 2011, Opinion Issued, Released for Publication September 30, 2011.

29. *Johnson v. Cornelius*, NO. 07-11-0091-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2011 Tex. App. LEXIS 6221, August 9, 2011, Decided, Decision reached on appeal by, Dismissed by *Johnson v. Cornelius*, 2011 Tex. App. LEXIS 7762 (Tex. App. Amarillo, Sept. 28, 2011)

30. *In re Johnson*, NO. 07-10-00254-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2011 Tex. App. LEXIS 4886, June 28, 2011, Decided

31. *In re Johnson*, NO. 07-11-00119-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2011 Tex. App. LEXIS 4885, June 28, 2011, Decided

32. *Johnson v. Hearn*, No. 07-08-00478-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2011 Tex. App. LEXIS 381, January 19, 2011, Decided, DECISION WITHOUT PUBLISHED OPINION

33. *Johnson v. Tex. Dep't of Crim. Justice*, NO. 07-08-00478-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2010 Tex. App. LEXIS 9891, December 14, 2010, Decided, Rehearing overruled by *Johnson v. Hearn*, 2011 Tex. App. LEXIS 381 (Tex. App. Amarillo, Jan. 19, 2011)

34. *In re Johnson*, NO. 07-10-00202-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2010 Tex. App. LEXIS 9320, November 23, 2010, Decided

35. *In re Johnson*, NO. 03-10-00426-CV, COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN, 2010 Tex. App. LEXIS 6816, August 18, 2010, Filed

36. *In re Johnson*, No. 07-10-00202-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2010 Tex. App. LEXIS 5106, June 30, 2010, Decided, DECISION WITHOUT PUBLISHED OPINION

37. *In re Johnson*, NO. 07-10-00202-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2010 Tex. App. LEXIS 4599, June 17, 2010, Decided, Rehearing granted by In re Johnson, 2010 Tex. App. LEXIS 5106 (Tex. App. Amarillo, June 30, 2010)

38. *In re Johnson*, NO. 07-09-00008-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2010 Tex. App. LEXIS 3584, May 11, 2010, Decided

39. *In re Johnson*, NO. 03-10-00193-CV, COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN, 2010 Tex. App. LEXIS 3560, May 7, 2010, Filed

40. *Johnson v. Sloan*, No. 08-09-00077-CV, COURT OF APPEALS OF TEXAS, EIGHTH DISTRICT, EL PASO, 320 S.W.3d 388; 2010 Tex. App. LEXIS 2049, March 24, 2010, Decided, Released for Publication October 4, 2010. Petition for review denied by *Johnson v. Davis*, 2010 Tex. LEXIS 439 (Tex., June 11, 2010)

41. *In re Johnson*, NO. 03-10-00063-CV, COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN, 2010 Tex. App. LEXIS 1883, March 10, 2010, Filed, Writ of mandamus denied *In re Johnson*, 2010 Tex. LEXIS 687 (Tex., Sept. 17, 2010)

42. *In re Johnson*, No. 08-09-00323-CV, COURT OF APPEALS OF TEXAS, EIGHTH DISTRICT, EL PASO, 2010 Tex. App. LEXIS 189, January 13, 2010, Decided

43. *In re Johnson*, No. 08-09-00268-CV, COURT OF APPEALS OF TEXAS, EIGHTH DISTRICT, EL PASO, 2009 Tex. App. LEXIS 8472, November 4, 2009, Decided

44. *Johnson v. Tex. Tech Univ.*, No. 08-09-00129-CV, COURT OF APPEALS OF TEXAS, EIGHTH DISTRICT, EL PASO, 2009 Tex. App. LEXIS 7607, September 30, 2009, Decided

45. *In re Johnson*, NO. 07-09-0035-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2009 Tex. App. LEXIS 6831, August 27, 2009, Decided, Related proceeding at *In re Johnson*, 2011 Tex. App. LEXIS 4886 (Tex. App. Amarillo, June 28, 2011)

46. *Johnson v. UTMB Doctors*, NO. 14-08-00671-CV, COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON, 2009 Tex. App. LEXIS 6562, August 20, 2009, Memorandum Opinion Filed

47. *In re Johnson*, NO. 07-07-0431-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2009 Tex. App. LEXIS 5795, July 27, 2009, Decided, Related proceeding at, Writ of mandamus denied *In re Johnson*, 2009 Tex. App. LEXIS 6831 (Tex. App. Amarillo, Aug. 27, 2009)

48. *In re Johnson*, NO. 14-09-00603-CV, NO. 14-09-00614-CV, COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON, 2009 Tex. App. LEXIS 5649, July 23, 2009, Memorandum Opinion Filed

49. *In re Johnson*, No. 08-08-00354-CR, COURT OF APPEALS OF TEXAS, EIGHTH DISTRICT, EL PASO, 2009 Tex. App. LEXIS 545, January 29, 2009, Decided, PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

50. *In re Johnson*, NO. 07-08-0520-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2009 Tex. App. LEXIS 284, January 15, 2009, Decided

51. *Johnson v. Tex. Tech Univ.*, No. 08-08-00256-CV, COURT OF APPEALS OF TEXAS, EIGHTH DISTRICT, EL PASO, 2008 Tex. App. LEXIS 7383, October 2, 2008, Decided

52. *In re Johnson*, NO. 07-07-0245-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2008 Tex. App. LEXIS 5110, July 9, 2008, Decided

53. *In re Johnson*, No. 04-07-00541-CV, COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO, 2007 Tex. App. LEXIS 6938, August 29, 2007, Delivered, August 29, 2007, Filed, Released for Publication October 16, 2007.

54. *In re Johnson*, NO. 14-07-00646-CV, COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON, 2007 Tex. App. LEXIS 6598, August 16, 2007, Memorandum Opinion Filed

55. *In re Johnson*, No. 08-07-00167-CV, COURT OF APPEALS OF TEXAS, EIGHTH DISTRICT, EL PASO, 2007 Tex. App. LEXIS 6325, August 9, 2007, Decided, Released for Publication April 1, 2008.

56. *In re Johnson*, No. 04-07-00453-CV, COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO, 2007 Tex. App. LEXIS 5799, July 25, 2007, Delivered, July 25, 2007, Filed, Released for Publication September 27, 2007.

57. *In re Johnson*, NO. 12-07-00099-CV, COURT OF APPEALS OF TEXAS, TWELFTH DISTRICT, TYLER, 2007 Tex. App. LEXIS 2553, March 30, 2007, Delivered, Released for Publication May 8, 2007.

58. *In re Johnson*, NO. 14-07-00168-CV, COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON, 2007 Tex. App. LEXIS 2195, March 22, 2007, Memorandum Opinion Filed

59. *In re Johnson*, NO. 07-07-0048-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 279 S.W.3d 700; 2007 Tex. App. LEXIS 1992, March 14, 2007, Decided

60. *In re Johnson*, NO. 07-07-0018-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2007 Tex. App. LEXIS 1223, February 16, 2007, Decided

61. *In re Johnson*, NO. 12-07-00032-CV, COURT OF APPEALS OF TEXAS, TWELFTH DISTRICT, TYLER, 2007 Tex. App. LEXIS 673, January 31, 2007, Opinion Delivered, Released for Publication February 28, 2007. Writ of mandamus denied *In re Johnson*, 2007 Tex. App. LEXIS 2553 (Tex. App. Tyler, Mar. 30, 2007)

62. *In re Johnson*, No. 07-06-00445-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2007 Tex. App. LEXIS 315, January 11, 2007, Decided, DECISION WITHOUT PUBLISHED OPINION

63. *In re Johnson*, NO. 07-06-00445-CV , COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2006 Tex. App. LEXIS 10527, December 8, 2006, Decided, Rehearing overruled by *In re Johnson*, 2007 Tex. App. LEXIS 315 (Tex. App. Amarillo, Jan. 11, 2007)

64. *Johnson v. Miller*, NO. 07-06-0374-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2006 Tex. App. LEXIS 9301, October 26, 2006, Decided

65. *In re Johnson*, NO. 07-06-0359-CV , COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2006 Tex. App. LEXIS 8849, October 12, 2006, Decided , Writ of mandamus denied In re Johnson, 2006 Tex. App. LEXIS 10527 (Tex. App. Amarillo, Dec. 8, 2006)

66. *In re Johnson*, NUMBER 13-06-297-CV , COURT OF APPEALS OF TEXAS, THIRTEENTH DISTRICT, CORPUS CHRISTI, 2006 Tex. App. LEXIS 4887, June 8, 2006, Memorandum Opinion Delivered, June 8, 2006, Memorandum Opinion Filed

67. *In re Johnson*, NO. 12-06-00068-CV, COURT OF APPEALS OF TEXAS, TWELFTH DISTRICT, TYLER, 2006 Tex. App. LEXIS 2174, March 22, 2006, Delivered, Released for Publication April 13, 2006.

68. *Ex parte Johnson*, NO. 07-05-0464-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2006 Tex. App. LEXIS 1528, February 23, 2006, Decided, DECISION WITHOUT PUBLISHED OPINION

69. *In re Johnson*, No. 10-06-00003-CV, COURT OF APPEALS OF TEXAS, TENTH DISTRICT, WACO, 2006 Tex. App. LEXIS 1096, February 8, 2006, Opinion Delivered, February 8, 2006, Filed

70. *Johnson v. Adamick*, NO. 09-05-004 CV, COURT OF APPEALS OF TEXAS, NINTH DISTRICT, BEAUMONT, 2006 Tex. App. LEXIS 192, January 12, 2006, Opinion Delivered

71. *Ex parte Johnson*, NO. 07-05-0464-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2006 Tex. App. LEXIS 173, January 10, 2006, Decided, Rehearing overruled by *Ex parte Johnson*, 2006 Tex. App. LEXIS 1528 (Tex. App. Amarillo, Feb. 23, 2006)

72. *Ex parte Johnson*, NO. 07-05-0463-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2006 Tex. App. LEXIS 26, January 4, 2006, Decided

73. *In re Johnson*, NO. 12-05-00412-CV, COURT OF APPEALS OF TEXAS, TWELFTH DISTRICT, TYLER, 2005 Tex. App. LEXIS 10704, December 30, 2005, Opinion Delivered, PUBLISH, Released for Publication March 15, 2006.

74. *In re Johnson*, NO. 01-05-01155-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 2005 Tex. App. LEXIS 8662, October 20, 2005, Opinion Issued

75. *In re Johnson*, NO. 12-05-00295-CV, COURT OF APPEALS OF TEXAS, TWELFTH DISTRICT, TYLER, 2005 Tex. App. LEXIS 8639, October 19, 2005, Opinion Delivered, (PUBLISH), Released for Publication October 27, 2005

76. *In re Johnson*, NO. 10-05-00334-CV, COURT OF APPEALS OF TEXAS, TENTH DISTRICT, WACO, 2005 Tex. App. LEXIS 7624, September 14, 2005, Opinion Delivered

77. *Johnson v. Zeller*, NO. 07-05-0163-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2005 Tex. App. LEXIS 5173, June 30, 2005, Decided

78. *In re Johnson*, NO. 07-05-0173-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2005 Tex. App. LEXIS 3951, May 17, 2005, Decided

79. *Johnson v. Zimmerman*, NO. 01-05-00092-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 2005 Tex. App. LEXIS 3490, May 6, 2005, Opinion Issued

80. *In re Johnson*, NO. 09-05-032-CV , COURT OF APPEALS OF TEXAS, NINTH DISTRICT, BEAUMONT, 2005 Tex. App. LEXIS 1367, February 17, 2005, Opinion Delivered, Appeal dismissed by *Johnson v. Adamick*, 2006 Tex. App. LEXIS 192 (Tex. App. Beaumont, Jan. 12, 2006)

81. *In re Johnson*, NO. 07-05-0002-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2005 Tex. App. LEXIS 280, January 13, 2005, Decided

82. *In re Johnson*, NO. 07-04-0568-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2004 Tex. App. LEXIS 11433, December 20, 2004, Decided

83. *In re Johnson*, NO. 07-04-0465-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2004 Tex. App. LEXIS 9157, October 15, 2004, Decided

84. *In re Johnson*, NO. 01-03-01329-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 2004 Tex. App. LEXIS 8244, September 3, 2004, Opinion Issued

85. *In re Johnson*, NO. 07-04-0416-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2004 Tex. App. LEXIS 7580, August 23, 2004, Decided , Writ of mandamus denied, Motion denied by In re Johnson, 2004 Tex. App. LEXIS 9157 (Tex. App. Amarillo, Oct. 15, 2004)

86. *In re Johnson*, No. 11-04-00177-CV, COURT OF APPEALS OF TEXAS, ELEVENTH DISTRICT, EASTLAND, 2004 Tex. App. LEXIS 6233, July 15, 2004, Decided

87. *In re Johnson*, NO. 07-04-0107-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2004 Tex. App. LEXIS 2885, March 30, 2004, Decided

88. *In re Johnson*, NO. 09-04-129 CV, COURT OF APPEALS OF TEXAS, NINTH DISTRICT, BEAUMONT, 2004 Tex. App. LEXIS 2671, March 25, 2004, Delivered

89. *In re Johnson*, NO. 07-04-0048-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2004 Tex. App. LEXIS 2014, March 2, 2004, Decided

90. *In re Johnson*, NO. 01-04-00011-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 135 S.W.3d 764; 2004 Tex. App. LEXIS 649, January 22, 2004, Opinion Issued

91. *In re Johnson*, NO. 07-04-0009-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2004 Tex. App. LEXIS 478, January 16, 2004, Decided , Writ of mandamus denied *In re Johnson*, 2004 Tex. App. LEXIS 2885 (Tex. App. Amarillo, Mar. 30, 2004)

92. *In re Johnson*, NO. 07-03-0471-CV, COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO, 2003 Tex. App. LEXIS 10838, December 30, 2003, Decided

93. *Johnson v. Bacarisse*, NO. 14-03-00133-CV, COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON, 2003 Tex. App. LEXIS 2848, April 3, 2003, Judgment Rendered, April 3, 2003, Opinion Filed

94. *Johnson v. Cornyn*, NUMBER 13-01-550-CV, COURT OF APPEALS OF TEXAS, THIRTEENTH DISTRICT, CORPUS CHRISTI, 2002 Tex. App. LEXIS 548, January 17, 2002, Opinion Delivered, January 17, 2002, Filed, PURSUANT TO THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

95. *Johnson v. Patel*, NO. 14-00-00796-CV, COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON, 2001 Tex. App. LEXIS 7636, November 15, 2001, Rendered, November 15, 2001, Opinion Filed, PURSUANT TO THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

96. *In re Johnson*, NUMBER 13-01-697-CV, COURT OF APPEALS OF TEXAS, THIRTEENTH DISTRICT, CORPUS CHRISTI, 2001 Tex. App. LEXIS 7369, November 1, 2001, Delivered, November 1, 2001, Filed, PURSUANT TO THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

97. *Johnson v. Negbenabor*, NO. 01-00-00813-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 2001 Tex. App. LEXIS 2723, April 26, 2001, Opinion Issued, PURSUANT TO THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

98. *In re Johnson*, NO. 01-98-00307-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 1998 Tex. App. LEXIS 2150, April 9, 1998, Filed, PURSUANT TO THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

99. *Johnson v. Alvarez*, NO. 14-95-00205-CV, COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON, 1995 Tex. App. LEXIS 1497, July 6, 1995, Rendered , July 6, 1995, Filed, PURSUANT TO RULE 90(i) OF THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

100. *Johnson v. Franco*, No. 01-94-00654-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 893 S.W.2d 302; 1995 Tex. App. LEXIS 254, February 16, 1995, rendered and delivered, February 16, 1995, Filed

101. *Johnson v. Kinney*, No. 01-94-00390-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 893 S.W.2d 271; 1995 Tex. App. LEXIS 198, February 9, 1995, rendered and delivered, February 9, 1995, filed

102. *Johnson v. Weaver*, No. 01-94-00392-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 1995 Tex. App. LEXIS 22, January 5, 1995, rendered and delivered, January 5, 1995, Filed, PURSUANT TO RULE 90(i) OF THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

103. *Johnson v. May*, No. 01-94-00394-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 1994 Tex. App. LEXIS 3185, December 29, 1994, rendered and delivered, December 29, 1994, Filed, PURSUANT TO RULE 90(i) OF THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

104. *Johnson v. May*, No. 01-94-00742-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 1994 Tex. App. LEXIS 2134, August 25, 1994, Rendered and Delivered, August 25, 1994, Filed, PURSUANT TO RULE 90(i) OF THE TEXAS RULES

OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

105. *Johnson v. Poppell*, No. 01-93-00556-CV, COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON, 1994 Tex. App. LEXIS 1063, May 5, 1994, Rendered and Delivered, May 5, 1994, Filed, PURSUANT TO RULE 90(i) OF THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

106. *Johnson v. Gates*, No. 01-89-00411-CV, COURT OF APPEALS OF TEXAS, First District, Houston, 1989 Tex. App. LEXIS 1296, May 18, 1989, PURSUANT TO RULE 90(i) OF THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

107. *Johnson v. Lynaugh*, No. 12-88-00109-CV, COURT OF APPEALS OF TEXAS, Twelfth District, Tyler, 766 S.W.2d 393; 1989 Tex. App. LEXIS 362, February 28, 1989, Rehearing Denied March 17, 1989. Motion for Rehearing of Application for Writ of Error Overruled November 7, 1990.

108. *Johnson v. Weeks*, No. 01-89-00108-CV, COURT OF APPEALS OF TEXAS, First District, Houston, 1989 Tex. App. LEXIS 288, February 16, 1989, PURSUANT TO RULE 90(i) OF THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.



# COURT OF APPEALS
**TENTH DISTRICT OF TEXAS**

_____

March 28, 2013

No. 10-11-00032-CV

R. WAYNE JOHNSON

v.

JANA HARRISON AND LARONNA PEEPLES

_____

From the 40th District Court
Ellis County, Texas
Trial Court No. 81703

---

## FINAL ORDER AND JUDGMENT

---

This appeal has been considered by the Court. Because the Court finds that the appeal is frivolous, it is the judgment of this Court that R. Wayne Johnson's appeal of the judgment of dismissal of Jana Harrison and Laronna Peeples is dismissed as frivolous.

It is further ordered that Laronna Peeples is awarded judgment against R. Wayne Johnson in the amount of $5,278.85 as sanctions for filing a frivolous appeal.

It is further ordered that Laronna Peeples is awarded judgment against R. Wayne Johnson for Laronna Peeples' appellate costs that were paid, if any, by Laronna Peeples; and all unpaid appellate court cost, if any, is taxed against R. Wayne Johnson.

A copy of this judgment will be certified by the Clerk of this Court and delivered to the trial court clerk for enforcement.

PER CURIAM
SHARRI ROESSLER, CLERK

By:_____
(Deputy Clerk)



March 28, 2013

IN THE
TENTH COURT OF APPEALS
_____

No. 10-11-00032-CV

R. WAYNE JOHNSON
v.
JANA HARRISON AND LARONNA PEEPLES
_____

From the 40th District Court
Ellis County, Texas
Trial Court No. 81703

---

## NOTICE OF FINAL ORDER TO
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE – TEXAS
## GOVERNMENT CODE, SECTION 498.0045(A)

---

A final order dismissing an appeal by R. Wayne Johnson as frivolous has been rendered in *Johnson v. Harrison*, 10-11-00032-CV. A certified copy of the "Final Order and Judgment" is attached. This notice is being provided to the Department in accordance with Section 498.0045(a) of the Texas Government Code so that the Department may forfeit R. Wayne Johnson's accrued good conduct time in accordance with Section 498.0045(b) of the Texas Government Code. A copy of this notice is also being provided to R. Wayne Johnson.

_____
Sharri Roessler, Clerk of the
Tenth Court of Appeals

**Appendix 5**



March 28, 2013

IN THE
TENTH COURT OF APPEALS
————————————
No. 10-11-00032-CV

R. WAYNE JOHNSON
v.
JANA HARRISON AND LARONNA PEEPLES
————————————
From the 40th District Court
Ellis County, Texas
Trial Court No. 81703

---

## NOTICE OF FINAL ORDER TO
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE – TEXAS
## GOVERNMENT CODE, SECTION 501.014(E)

---

A final order dismissing an appeal by R. Wayne Johnson as frivolous has been rendered in *Johnson v. Harrison*, 10-11-00032-CV. A certified copy of the "Final Order and Judgment" is attached. The judgment included an award of cost of the proceeding to Laronna Peeples against R. Wayne Johnson and further taxed unpaid cost against R. Wayne Johnson. Additionally the judgment awarded $5,278.85 to Laronna Peeples against R. Wayne Johnson as a sanction for filing a frivolous appeal.

This notice is being provided to the Department in accordance with Section 501.014(e) of the Texas Government Code so that the judgment may be collected from funds in R. Wayne Johnson's inmate account in accordance with the statute. A copy of this notice is also being provided to R. Wayne Johnson in accordance with the Texas Supreme Court's opinion in *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009). The trial court clerk is obligated to enforce the appellate court's judgment including collecting the costs of the appellate court. TEX. R. APP. P. 51.1(b). Collection on this Court's judgment should be paid to the trial court clerk who will allocate the payments including remitting the judgment for unpaid appellate costs to this Court's Clerk.

_____
Sharri Roessler, Clerk of the
Tenth Court of Appeals
