

# IN THE
# TENTH COURT OF APPEALS

————————

## No. 10-15-00156-CV

## IN RE R. WAYNE JOHNSON

————————

## Original Proceeding

---

## MEMORANDUM OPINION

---

Relator R. Wayne Johnson was found to be a vexatious litigant in 2001 and is subject to a prefiling order. *Johnson v. Harrison*, 399 S.W.3d 348, 349 (Tex. App.—Waco 2013, no pet.). In *Johnson v. Harrison*, the trial court dismissed Johnson's civil action because of his failure to obtain permission to file suit. *Id.* at 351. Johnson appealed the dismissal, and one of the appellees moved for sanctions on the ground that Johnson's appeal was frivolous. *Id.* We agreed, granted the motion, and dismissed the appeal as frivolous. *Id.* at 352. We also instructed the Texas Department of Criminal Justice that, because of our frivolousness dismissal of Johnson's appeal, it was authorized to forfeit Johnson's accrued good-time credit in accordance with Government Code section

498.0045(b). *Id.*; *see* TEX. GOV'T CODE ANN. § 498.0045(b) (West 2012). Johnson did not seek review of our decision in the Texas Supreme Court.

Johnson has now filed a petition for writ of mandamus[1] that he asserts is a criminal-law matter[2]—the forfeiture of his accrued good-time credit that we ordered in *Johnson v. Harrison* pertaining to the 99-year sentence that he is serving for "aggravated rape." *Id.* at 349. He requests appointment of counsel[3] pertaining to the forfeiture of his good-time credit and restoration of his forfeited good-time credit. He also requests that we order the trial court to vacate its dismissal order in the civil suit underlying *Johnson v. Harrison*. Finally, he makes an unintelligible request relating to his pro-se status. The petition fails to comply with almost all of the requirements of Rule of Appellate Procedure 52, and it fails to cite any applicable authority.

This proceeding is not a criminal-law matter. It is nothing other than a frivolous and groundless attempt by Johnson to relitigate the frivolousness dismissal of his civil appeal in *Johnson v. Harrison* and the sanction of good-conduct time forfeiture under Government Code section 498.0045(b) in that civil appeal.

---

[1] The petition, which seeks mandamus relief and putative habeas relief, has several procedural deficiencies. It lacks an appendix and a record. *See* TEX. R. APP. P. 52.3(k), 52.7. With respect to the mandamus relief, it lacks proof of service on the Respondent trial-court judge in the underlying civil case and on the real parties in interest (the parties in the underlying civil suit). *See id.* 9.5, 52.2. With respect to the putative habeas relief, it lacks proof of service on the convicting court, the State (through the appropriate district attorney), and the Texas Department of Criminal Justice. *See id.* A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. *Id.* 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules. *Id.* 2.

[2] Based on Johnson's allegations, the Clerk of the Court originally docketed this proceeding as a criminal original proceeding. After closer review of the petition, the proceeding was re-docketed as a civil original proceeding.

[3] Johnson has filed a separate motion for appointment of counsel; it too lacks proof of service. The motion is dismissed as frivolous.

At the Court's direction, the Clerk of the Court notified Johnson that, under Rule of Appellate Procedure 52.11, the Court was considering sanctions against him for filing a groundless and frivolous original proceeding and that the Court was considering all available sanctions, including but not limited to costs, dismissal, and good-conduct time forfeiture under Section 498.0045 of the Government Code. Johnson was requested to file a response to the Clerk's notice. He filed a response, but it, like his petition, is largely unintelligible and incomprehensible. It too fails to cite any applicable authority.

In conclusion, Johnson's petition for writ of mandamus is dismissed as groundless and frivolous. TEX. R. APP. P. 52.11. This opinion and this proceeding's judgment, which expressly dismiss this proceeding as frivolous and groundless, authorize the Texas Department of Criminal Justice to forfeit Johnson's accrued good-conduct time under Government Code section 498.0045(b). TEX. GOV'T CODE ANN. § 498.0045(b). The Clerk of the Court is ordered to provide notice of this opinion and this proceeding's judgment to the appropriate offices at the Texas Department of Criminal Justice, including the Correctional Institutions Division and the Parole Division.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing.[4] TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); s*ee also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51.208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write

---

[4] Johnson did not seek to proceed as an indigent party.

off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed by Johnson for which judgment will be rendered and the Texas Department of Criminal Justice appropriately notified.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition dismissed as frivolous and groundless
Opinion delivered and filed June 18, 2015
[OT06]

