COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CONNELL SPAIN, | § | |
| Appellant, | § | |
| v. | § | No. 08-09-00036-CV |
| SURGEON CHARLES THOMAS BLACK, M.D., PEDIATRIC SURGICAL | § | Appeal from the |
| ASSOCIATES OF FORT WORTH, BAYLOR ALL SAINTS MEDICAL | § | 191st District Court |
| CENTER, TARRANT COUNTY COMMISSIONERS, TARRANT | § | of Dallas County, Texas |
| COUNTY, TEXAS, DALLAS COUNTY COMMISSIONERS, ON BEHALF OF | § | (TC# DC-08-12732-J) |
| DALLAS COUNTY, AND DALLAS COUNTY, TEXAS, | § | |
| | § | |
| Appellees. | | |

## O P I N I O N

Connell Spain, *pro se*, appeals from an order dismissing his suit against Appellees. For the following reasons, we affirm.

**FACTUAL SUMMARY**

Spain, individually and as next friend of his daughter, Brandi Lashaun Spain, filed suit against Appellees raising numerous claims related to the health care provided to his daughter. Spain attached as an exhibit to his petition a copy of an order signed by the 236th District Court of Tarrant County on November 6, 2002. That order recited that Spain had been determined to be a vexatious litigant by the 236th District Court on November 1, 2001. It required Spain to attach to any petition "filed in any Texas district, county, justice, or small claims court an affidavit stating the evidence he is ready and able to present supporting his claim and identifying the name and address of every

witness he intends to call and the substance of the witness's testimony." Although Spain attached the order to his petition, he did not attach the affidavit required by the order. Spain also attached to his petition a copy of an order entered on December 30, 1994, by the Honorable Terry R. Means, United States District Judge, which required Spain to obtain leave of court before filing any pleading, motion, or other document in the United States District Court for the Northern District of Texas.[1] The District Clerk later notified the trial court in writing that Spain is a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code[2] and he had not obtained permission to file suit. The District Clerk attached to the notice an order entered by the 236th District Court of Tarrant County on November 1, 2001 granting a motion filed by Waste Management of Texas Incorporated to declare Spain a vexatious litigant;[3] and (2) the November 6, 2002 order entered in the same case granting Waste Management's motion for sanctions and injunctive relief. Spain filed a motion to strike the District Clerk's notice.

At the hearing on the motion to strike, Spain asserted that he had not been declared a vexatious litigant and he had not been ordered by a court to obtain permission to file suit. Counsel for the District Clerk introduced into evidence: (1) a motion filed by Waste Management in the *Spain v. Waste Management* suit asking that the 236th District Court enter an order declaring Spain to be a vexatious litigant; (2) the November 1, 2001 order entered by the 236th District Court which

---

[1] Like the order entered by the 236th District Court, the order also required Spain to attach to any complaint an affidavit stating the evidence is ready and able to present supporting his claim and identifying the name and address of evidence witness he intends to call and the substance of the witness's testimony; and include with the filing of all claims in all courts in the United States a copy of the injunction order and a copy of an exhibit attached to the order describing Spain's history of filing frivolous suits.

[2] *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 11.001-11.104 (Vernon 2002).

[3] The order was entered in cause number 236 187533 01, *Connell Spain, Plaintiff, and Preceding Next Friend for Brandi Lashaun Spain, a Child v. Waste Management of Texas Incorporated and City of Fort Worth.* For convenience, we will refer to this order as the November 1, 2001 order. We will refer to the suit as the *Spain v. Waste Management* suit.

granted Waste Management's motion to declare Spain a vexatious litigant and required Spain to post security for costs; and (3) the November 6, 2002 order. The trial court denied Spain's motion to strike and dismissed his suit with prejudice because he had failed to comply with the requirements of the November 6, 2002 order and he had failed to seek permission before filing suit. This appeal follows.

## VEXATIOUS LITIGANT

In his sole issue, Spain argues that the order entered by the 236th District Court on November 6, 2002 is unconstitutionally invalid because it modified or altered an injunction entered by the federal district court, it is not derived from a constitutionally credible or competent source, and it is not entitled to full faith and credit. Spain admits in his brief that he unsuccessfully appealed the November 6, 2002 order. Baylor All Saints Medical Center initially responds that Spain waived this argument by not presenting it in the trial court. Alternatively, it contends that Spain's argument is an impermissible collateral attack on the November 6, 2002 order.

### Waiver and Impermissible Collateral Attack

Spain attempts to avoid application of the November 6, 2002 order's pre-filing requirements by arguing for the first time on appeal that the order is invalid for a number of reasons. Spain did not raise these issues in his motion to strike or at the hearing on his motion. Instead, Spain argued in the trial court that no order existed declaring him a vexatious litigant and the defendants had failed to produce such an order.

The issue presented on appeal is an impermissible collateral attack on a final judgment. Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Tice v. City of Pasadena*, 767 S.W.2d 700, 703 (Tex. 1989). Chapter 11 of the Civil Practice and

Remedies Code (the vexatious litigant statute) does not authorize a collateral attack on an order declaring a person to be a vexatious litigant. Further, Spain has cited no authority which would permit him to collaterally attack the November 6, 2002 order entered by the 236th District Court and we are aware of none.

Even if Spain could collaterally attack the November 6, 2002 order, he failed to preserve the issue for appellate review by objecting on these grounds in the trial court. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP.P. 33.1(a)(1)(A). Further, if the argument raised on appeal does not comport with the objection made in the trial court, nothing is presented for our review. TEX.R.APP.P. 33.1(a)(1)(A); *Cunningham v. Hughes & Luce, L.L.P.*, 312 S.W.3d 62 (Tex.App.--El Paso 2010, no pet.). Because Spain did not raise these challenges to the November 6, 2002 order in the trial court, he has failed to preserve the issue for our review. It is unnecessary to address the remaining issues raised by the Appellees. Accordingly, we overrule the sole issue presented on appeal and affirm the judgment of the trial court.

August 31, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.