NO. 07-12-00445-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 13, 2012

IN RE R. WAYNE JOHNSON, RELATOR

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, R. Wayne Johnson, appearing *pro se,* has filed a petition seeking a writ of mandamus requiring respondent, the Honorable John B. Board,[1] whom relator believes to be the local administrative judge of Potter County, to grant relator permission to file a proposed lawsuit.

Relator is a vexatious litigant subject to a prefiling order requirement.[2] Wishing to file suit against the Texas Department of Criminal Justice, relator requested permission of Judge Board. In a writing dated August 13, 2012, a deputy district clerk

---

[1] We take judicial notice that Judge Board is presiding judge of the 181st Judicial District Court, Potter County.

[2] *See Johnson v. Clark,* No. 07-11-00122-CV, 2011 Tex. App. Lexis 8593, at *1-2 (Tex.App.--Amarillo Oct. 28, 2011, no pet.) (mem. op.) (noting relator "has been declared a vexatious litigant and the 156th District Court of Bee County entered a prefiling order requiring that he obtain permission of a local administrative judge before filing new litigation in a Texas court"); Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a) (West Supp. 2012); Texas Office of Court Administration, Vexatious Litigant Order http://www.courts.state.tx.us/oca/pdf/vex/RWayneJohnson-akaLegalEagle.pdf.

notified relator that "Permission to file your suit was not granted." Relator filed his petition for writ of mandamus on October 10, 2012.[3]

By an amendment to Chapter 11 of the Civil Practice and Remedies Code effective January 1, 2012,[4] the decision of a local administrative judge denying a litigant permission to file a suit may not be appealed but "the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the decision" of the local administrative judge. Tex. Civ. Prac. & Rem. Code Ann. § 11.102(c) (West Supp. 2012). Relator was denied permission to file his lawsuit no later than August 13, 2012, but as noted did not file his petition in this court until October 10.

The Texas Constitution vests in the courts of appeals jurisdiction over appeals from final judgments of district and county courts, subject to any restrictions and regulations prescribed by law. Tex. Const. art. V, § 6. In addition, the Texas Constitution vests the courts of appeals with "such other jurisdiction, original and appellate, as may be prescribed by law." *Id.* Thus, our jurisdiction must be based on either the general constitutional grant, subject to any restrictions or regulations imposed by the legislature, or a specific statutory grant of jurisdiction. *See Texas Dep't of Pub.*

---

[3] Relator is an inmate of the Institutional Division of the Texas Department of Criminal Justice. We have no direct proof of the date relator placed his petition in the prison mail system. The wrapper in which it was transmitted to the clerk of this court was postmarked October 11, 2012, while a certificate of service attached to the petition was dated October 10, 2012. We will ascribe to relator the earlier date of October 10 as the date his petition was placed in the prison mail system. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (holding under Civil Practice and Remedies Code Chapter Fourteen "a *pro se* inmate's claim . . . is deemed filed at the time the prison authorities duly receive the document to be mailed").

[4] Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 9.03, sec. 11.102, 2011 Tex. Sess. Law Serv. 116, 157-58.

*Safety v. Barlow,* 48 S.W.3d 174, 175-176 (Tex. 2001) (discussing appellate jurisdiction). By statute we are empowered to issue "all writs of mandamus, agreeable to the principles of law regulating those writs" against a judge of a district or county court in our court of appeals district. Tex. Gov't Code Ann. § 22.221(b) (West 2004). Regardless whether the authorization for issuance of writs of mandamus against local administrative judges under Civil Practice and Remedies Code § 11.102(c) is viewed as an exercise of the court of appeals' writ power under Government Code § 22.221(b) or is viewed as a new grant of mandamus authority,[5] the legislature has limited our exercise of writ power under § 11.102(c) to petitions filed not later than the thirtieth day after the decision of the local administrative judge. Tex. Civ. Prac. & Rem. Code Ann. § 11.102(c) (West Supp. 2012). We think the thirty-day limitation is akin to the requirement that a notice of appeal be timely filed,[6] and that petitions filed under § 11.102(c) outside the thirty days do not invoke our mandamus jurisdiction. Because relator's petition was not timely filed, we are without jurisdiction to address its merits.

Accordingly, relator's petition for writ of mandamus is dismissed for want of jurisdiction.

James T. Campbell
Justice

---

[5] *See In re Hettler*, 110 S.W.3d 152, 154 (Tex.App.--Amarillo 2003) (orig. proceeding) (citing *State ex rel Holmes v. Salinas*, 774 S.W.2d 421 (Tex.App.--Houston [14th Dist.] 1989) (orig. proceeding), for proposition writ jurisdiction under § 22.221(b) is determined by the capacity in which respondent is functioning as well as respondent's title).

[6] *See In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 310 (Tex. 2010) (orig. proceeding) ("some requirements, such as a timely notice of appeal, remain jurisdictional").