**Opinion filed February 21, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00059-CV

_____

## IN RE R. WAYNE JOHNSON

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Appearing pro se, Relator, R. Wayne Johnson, a prison inmate, has filed a petition for writ of mandamus. In his petition, Relator complains that Judge Thomas Wheeler of the 350th District Court of Taylor County should be ordered to rescind an order that apparently dismissed Relator's civil lawsuit. We deny the petition.

Initially, we address Relator's failure to provide a sufficient record. The party seeking mandamus relief—the relator—has the burden to provide a record sufficient to establish his entitlement to such relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). The relator must provide an appendix that includes "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Additionally, the relator must furnish a record that includes a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. TEX. R. APP. P. 52.7(a)(1). A party proceeding *pro se* is not exempt from complying with the applicable rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Relator has not filed a copy of the trial court's order that he is

challenging in this mandamus. In the absence of this order, Relator has failed to provide a sufficient record to establish his entitlement to mandamus relief.

Assuming, *arguendo*, that Relator's petition substantially complied with the applicable rules of procedure, his petition fails to establish his entitlement to mandamus relief. It appears that Relator is contending that the trial court erroneously relied upon a vexatious litigant designation entered in *R. Wayne Johnson, A.K.A. "Legal Eagle" v. John Cornyn, Attorney General, and Andy Taylor* in Cause No. B-01-1159-0-CV-B by the 156th District Court of Bee County on June 14, 2001. A court may enter an order prohibiting a person from filing a new litigation in a court in this state if the person is a vexatious litigant. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a)(1) (West Supp. 2012). Relator is on the list of vexatious litigants maintained by the Office of Court Administration of the Texas Judicial System. *See Johnson v. Hughey*, No. 06-12-00079-CV, 2012 WL 4761546 (Tex. App.—Texarkana Oct. 5, 2012, no pet.) (mem. op.). Under the order of the 156th District Court in Cause No. B-01-1159-0-CV-B, he is specifically prohibited from "filing any more litigation in Texas courts without permission of a local administrative judge."

In this mandamus proceeding, Relator is attempting to collaterally attack the vexatious litigant designation entered in the 156th District Court in 2001. Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Tice v. City of Pasadena*, 767 S.W.2d 700, 703 (Tex. 1989). Chapter 11 of the Civil Practice and Remedies Code does not authorize a collateral attack on an order declaring a person to be a vexatious litigant. *Spain v. Black*, 333 S.W.3d 270, 273 (Tex. App.—El Paso 2010, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. ch. 11 (West 2002 & Supp. 2012). Additionally, as noted by the Texarkana Court of Appeals in *In re Johnson*, No. 06-11-00096-CV, 2011 WL 4686502 (Tex. App.—Texarkana Oct. 7, 2011, orig. proceeding) (mem. op.), Relator has been declared to be a vexatious litigant in two other district court proceedings occurring in 2009 and 2010. Relator has not addressed the effect of these subsequent orders in his petition for mandamus relief. Accordingly, we deny Relator's petition for writ of mandamus.

February 21, 2013                                    PER CURIAM

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2