COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Tommy L. Parker v. Ron McLaurin, Jesse Mendez, and Vilsen Salinas

Appellate case number:   01-13-00606-CV

Trial court case number: 2012-51822

Trial court:             165th District Court of Harris County

Appellant, Tommy L. Parker, has filed a "Motion to Change Appellant's Appeal." In his motion, appellant seeks to change his previously filed notice of appeal to "an Appeal by Writ of Mandamus."

Appellant has been adjudicated as a vexatious litigant. Appellant filed his notice of appeal on July 11, 2013, seeking to appeal a local administrative judge's order denying appellant permission to file litigation. However, "[a] decision of a local administrative judge denying a litigant permission to file a litigation . . . is not grounds for appeal." TEX. CIV. PRAC. & REM. CODE § 11.102(c) (West Supp. 2012); *see also Ruston v. Tex.*, No. 05-13-00152-CV, 2013 WL 3943124, at *1 (Tex. App.—Dallas July 31, 2013, no pet. h.). Thus, appellant now seeks to convert his notice of appeal into a petition for writ of mandamus.

A litigant seeking review of a local administrative judge's denial of permission to file litigation may apply for a writ of mandamus within 30 days of the date of the local administrative judge's decision. TEX. CIV. PRAC. & REM. CODE § 11.102(c); *see also In re Potts*, 399 S.W.3d 685, 686 (Tex. App.—Houston [14th Dist.] 2013, no pet.). However, "petitions filed under § 11.102(c) outside the thirty days do not invoke [the Court's] mandamus jurisdiction," and the Court is unable to address their merits. *In re Johnson*, 390 S.W.3d 584, 586 (Tex. App.—Amarillo 2012, no pet.). In this case, the local administrative judge's decision occurred on June 28, 2013. Appellant was therefore required to file a petition for writ of mandamus no later than 30 days after June 28, 2013. Appellant, however, has neither filed a petition for writ of mandamus nor an appellate brief that could be construed as a petition.

Further, the Court is unable to consider appellant's previously filed notice of appeal as a petition for writ of mandamus because it does not meet the requirements of Texas Rule of Appellate Procedure 52. *See Sandoval v. First Nat'l Bank*, No. 13-10-00249-CV, 2010 WL 1804965, at *1 (Tex. App.—Corpus Christi May 4, 2010, no pet.); *see also* TEX. R. APP. P. 52.

Accordingly, we DENY appellant's "Motion to Change Appellant's Appeal."

It is so ORDERED.


Judge's signature: /s/ <u>Justice Laura C. Higley</u>
                 ☑ Acting individually      ☐ Acting for the Court


Date: August 27, 2013