

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00051-CV

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

May 8, 2014

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, R. Wayne Johnson, is a prison inmate appearing *pro se* and *in forma pauperis.* He is also a vexatious litigant subject to a prefiling order requirement.[1] He has filed a petition seeking a writ of mandamus requiring respondent, the Honorable John B. Board,[2] to order that relator's lawsuit for judicial review of Texas Department of

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2013). *See Johnson v. Peeples,* 399 S.W.3d 348, 349-50 & n.1 (Tex. App.—Waco 2013, no pet.) (noting relator's litigation background including an order of the 156th Judicial District Court of Bee County finding him a vexatious litigant and an order prohibiting him from initiating litigation in a Texas court without obtaining permission of a local administrative judge).

[2] We take judicial notice that Judge Board is presiding judge of the 181st Judicial District Court, Potter County.

Criminal Justice rules be filed with the district clerk and to conduct a hearing.[3] We will dismiss relator's petition.

As we understand relator's petition for mandamus, the suit for judicial review that he asks us to require Judge Board to file is the same suit that was the subject of relator's attempted mandamus of Judge Board in *In re Johnson,* 390 S.W.3d 584 (Tex. App.—Amarillo 2012, orig. proceeding). In his present mandamus petition, relator asks us to take judicial notice of the record in that 2012 proceeding. We have considered the mandamus record relator submitted with his 2012 petition. The documents accompanying that 2012 mandamus petition included the notification from the Potter County District Clerk dated August 13, 2012 that permission to file his suit was not granted. Because relator filed his petition for mandamus more than thirty days after August 13, 2012, we found we lacked jurisdiction to address his mandamus petition seeking review of the denial of permission. *Id.* at 586.[4]

Relator's present petition is accompanied by a single page of additional mandamus record. Considering together the mandamus records accompanying his present petition and that which accompanied his 2012 petition, we conclude that relator

---

[3] Relator filed three additional documents in this proceeding. The first is entitled "motion to perform ministerial duty." He asserts we "must issue a mandamus ordering [Judge] Board to perform ministerial duty." (Highlighting in original.) The second document is entitled "amended petition for writ of mandamus." The third document is entitled "motion to rule to afford due process." There relator asserts due process requires a ruling and the decision should be in his favor. We will treat these items and his original filing collectively as his petition for writ of mandamus.

[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f) (West Supp. 2013) (the decision of a local administrative judge denying a litigant permission to file a suit may not be appealed but "the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the decision" of the local administrative judge).

2

is again seeking review by mandamus of the denial of permission to file his suit for judicial review in August 2012.[5]  Just as we lacked jurisdiction to consider the mandamus seeking review of that denial that relator filed in October 2012, *id.*, we lack jurisdiction now to consider his present petition seeking review of the same denial.[6]

Accordingly, relator's petition for writ of mandamus is dismissed for want of jurisdiction.[7]  All pending motions are denied.

James T. Campbell
Justice

---

[5] References in both petitions for mandamus, the current petition and the 2012 petition, make clear that relator ultimately seeks relief related to a disciplinary proceeding against him, numbered 20120051601.

[6] In addition, we note relator has not complied in this court with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code with respect to his mandamus petition.  *See* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 12.01(a), 2011 Tex. Gen. Laws 116, 161 (amending Chapter 14 effective January 1, 2012, to make it applicable to actions, including appeals and original proceedings, brought by indigent inmates in appellate courts) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2013)); *Douglas v. Moffett,* 418 S.W.3d 336, 338-39 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (discussing amendment and prior law).  The affidavit of indigence filed with his petition was not accompanied by a separate affidavit detailing court actions previously filed by relator, as required by § 14.004(a), or a certified copy of his inmate trust account statement as required by §§ 14.004(c) and 14.006(f). TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a), 14.004(c) (West Supp. 2013), 14.006(f) (West 2002). Relator's failure to comply with Chapter 14's requirements in this court make his mandamus petition subject to dismissal for that reason also.

[7] If we have misperceived relator's present petition for mandamus, and he actually is seeking review of denial of permission to file suit on a different occasion, no mandamus record is presented to show the denial of permission, or its circumstances, on that different occasion.  We thus would be unable to grant him relief because of the entire insufficiency of a mandamus record establishing that Judge Board abused his discretion by refusing permission.  *See, e.g.,* TEX. R. APP. P. 52.7(a)(1) (requiring petition for writ of mandamus to include a record containing certified or sworn copy of every document material to the relator's claim for relief and that was filed in the underlying proceeding).