

## COURT OF APPEALS
### EIGHTH DISTRICT OF TEXAS
### EL PASO, TEXAS

| | | |
|---|---|---|
| VERONICA CHAVEZ VARA, | § | No. 08-23-00350-CV |
| Appellant, | § | Appeal from the |
| v. | § | Local Administrative Judge |
| MARK STEVEN VARA, | § | of El Paso County, Texas |
| | | (41st Judicial District Court) |
| Appellee. | § | |
| | | (TC#2012DCM10912) |

## <u>MEMORANDUM OPINION</u>

Appellant was declared a vexatious litigant subject to a prefiling order that prohibits her from filing any new pro se litigation relating to the property division in her Original Decree of Divorce without first obtaining permission from the local administrative judge. OFFICE OF COURT ADMINISTRATION, *List of Vexatious Litigants Subject to a Prefiling Order*, Veronica Vara, https://www.txcourts.gov/media/1456705/veronica-vera.pdf (last visited December 21, 2023); TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101, 11.102(a). On August 4, 2023, the local administrative judge, Judge Annabell Perez, issued an order denying Appellant permission to proceed with further litigation in a matter related to her Original Decree of Divorce in the 388th

District Court of El Paso County.[1] Appellant filed the instant restricted appeal of the Order on December 6, 2023.

"[A] local administrative judge's decision denying a vexatious litigant permission to file a litigation is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision." *Nunu v. Risk*, 612 S.W.3d 645, 655–56 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f)). Even if Appellant had requested that we treat her restricted appeal as a petition for writ of mandamus in the alternative, it would be untimely, as she filed it well after the 30-day window following the date of the Order. *See id*. at 656. And because our statutory authority to address what should be a petition for writ of mandamus in this instance is time-limited, we are without jurisdiction to address its merits. *See In re Johnson*, 390 S.W.3d 584, 586 (Tex. App.—Amarillo 2012, no pet.).

Accordingly, we dismiss this appeal for want of jurisdiction.


LISA J. SOTO, Justice

December 29, 2023

Before Alley, C.J., Palafox, and Soto, JJ.

---

[1] Court of Appeals, No. 08-23-00191-CV.