COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| VERONICA CHAVEZ VARA, | § | No. 08-23-00333-CV |
| Appellant, | § | Appeal from |
| v. | § | 338th Judicial District Court |
| MARK STEVEN VARA, SR., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2012DCM10912) |

## MEMORANDUM OPINION

Veronica Chavez Vara attempts to appeal the trial court's June 22, 2023 prefiling order declaring her a vexatious litigant and prohibiting her from filing any new pro se litigation relating to the property division in her Original Decree of Divorce without first obtaining permission from the local administrative judge. She also appeals the August 4, 2023 local administrative judge's order denying her permission to appeal the trial court's orders in that case. We dismiss for want of jurisdiction.

Appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders*, *LLC*, 603 S.W.3d 385, 390 (Tex. 2020). An individual designated a vexatious litigant may seek appellate review of the prefiling order. Tex. Civ. Prac. & Rem. Code Ann. § 11.101(c). However, prefiling orders are interlocutory orders, and appeals under this statute are accelerated appeals subject to the

same deadlines as other interlocutory appeals. *Manning v. Dallas Indep. Sch. Dist.*, No. 08-20-00211-CV, 2021 WL 365914, at *2 (Tex. App.—El Paso Feb. 3, 2021, no pet.) (mem. op.).

A notice of appeal from an interlocutory order must be filed within 20 days after the order is signed. Tex. R. App. P. 26.1(b). Here, the trial court's prefiling order was entered on June 22, 2023. Any appeal from this order would have been due within 20 days, but Vara did not file this notice of appeal until October 5, 2023, which is past the deadline for accelerated appeals. *See id.*; *Chavez v. Vara*, No. 08-23-00265-CV, 2023 WL 6814136, at *1 (Tex. App.—El Paso Oct. 16, 2023, no pet.) (mem. op.) (dismissing Vara's attempted appeal of the same prefiling order because it was untimely). Although Vara attempts to challenge the order by restricted appeal, a restricted appeal may not be taken from an interlocutory order after the period for filing an interlocutory appeal has expired. *Manning*, 2021 WL 365914, at *2; *accord Huett v. Lloyd*, No. 01-13-00420-CV, 2014 WL 1803236, at *1 (Tex. App.—Houston [1st Dist.] May 6, 2014, no pet.) (per curiam) (mem. op.); *Federated Mut. Ins. Co., Inc. v. Davenport*, 85 S.W.3d 837, 838–39 (Tex. App.—Waco 2002, no pet.) (per curiam) (mem. op.).

Vara also attempts to appeal the August 4, 2023 local administrative judge's order denying her permission from appealing the trial court's order relating to the property division in the Original Decree of Divorce, including the final judgment in that suit.[1] Pursuant to Texas Civil Practice & Remedies Code § 11.102(f), "a local administrative judge's decision denying a vexatious litigant permission to file a litigation is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision." *Vara v. Vara*, No. 08-23-00350-CV, 2023 WL 9021164, at *1 (Tex. App.—El Paso Dec. 29, 2023, no pet.) (mem. op.) (internal citations omitted). Even if Vara had requested

---

[1] To that end, Vara's appeal challenges, among other things, the trial court's dismissal of her suit.

that we treat her restricted appeal as a petition for writ of mandamus in the alternative, it would be untimely, as she filed it well after the 30-day window following the date of the administrative judge's order. *See Nunu v. Risk*, 612 S.W.3d 645, 656 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). And because our statutory authority to address what should be a petition for writ of mandamus in this instance is time-limited, we are without jurisdiction to address its merits. *In re Johnson*, 390 S.W.3d 584, 586 (Tex. App.—Amarillo 2012, no pet.).

Vara responded to the Clerk's letter notifying her of this Court's intent to dismiss her attempted appeal for lack of jurisdiction. In her response, we understand Vara to contend that the prefiling order is a void judgment that may be collaterally attacked at any time. But the prefiling order is not a final judgment; as explained above, it is an interlocutory order subject to an accelerated appeal deadline that Vara missed. *Manning*, 2021 WL 365914, at *2. The law regarding collateral attacks on void judgments is thus inapplicable, as no authority supports a vexatious litigant's ability to collaterally attack a purportedly void prefiling order. *See generally PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271–72 (Tex. 2012); *Spain v. Black*, 333 S.W.3d 270, 273 (Tex. App.—El Paso 2010, pet. denied) ("Chapter 11 of the Civil Practice and Remedies Code (the vexatious litigant statute) does not authorize a collateral attack on an order declaring a person to be a vexatious litigant."). Similarly, to the extent Vara may be contending that she may collaterally attack the August 4, 2023 local administrative judge's order denying her permission file an appeal, Vara has cited no authority, and we are not aware of any, that would authorize a collateral attack on the same.

Accordingly, we dismiss this appeal for want of jurisdiction.[2]

---

[2] Because we lack jurisdiction, we do not reach Vara's remaining issues regarding whether the trial court erred by dismissing her suit, not granting her motion to dismiss Mark Vara's motion to declare her a vexatious litigant (and related motion to enter that order), or not granting her motion for default judgment. We note, however, that a court may enter a prefiling order that designates a party a vexatious litigant on its own motion. Tex. Civ. Prac. & Rem. Code

3

LISA J. SOTO, Justice

May 7, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

Ann. § 11.101(a). The prefiling order Vara attempts to appeal was entered "on the court's own motion" "[b]ased on the pleadings and orders in this case[.]"