

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00088-CV

---

In re Veronica Chavez Vara, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator, Veronica Rae Vara, was declared a vexatious litigant on June 22, 2023, and is subject to a prefiling order that requires her to obtain permission from the local administrative judge prior to filing any new litigation relating to the division of property established in her Original Decree of Divorce.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101(a), 11.102(a).

---

[1] TEXAS OFFICE OF COURT ADMINISTRATION, *List of Vexatious Litigants Subject to a Prefiling Order*, Veronica Rae Vera, https://www.txcourts.gov/media/1456705/veronica-vera.pdf (last visited February 25, 2026).

On February 17, 2026, Vara filed a petition for writ of mandamus in this Court. In her petition, Vara requests that this Court (1) order the trial court to sign various orders granting motions Vara filed in the trial court, all of which related to the division of property in the divorce proceeding; (2) provide "instructions for the Trial Court, and the Local Administrative Judges, in consideration of any further hearings and entry of any other necessary Orders per these matters"; and (3) order the trial court and the local administrative judge to vacate orders, all of which were signed on or before November 19, 2025, denying Vara's requests for permission to file new litigation.

To the extent Vara seeks mandamus relief against the trial court judge, the Clerk of this Court may not file, and we lack jurisdiction over, an original proceeding presented by a vexatious litigant who is subject to a prefiling order unless the litigant first obtains an order from the appropriate local administrative judge permitting the filing. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.103(a), 11.1035(b); *In re Vara*, No. 08-23-00191-CV, 2023 WL 4771212, at *1 (Tex. App.— El Paso July 26, 2023, orig. proceeding) (mem. op.). Vara, however, "did not support her petition for writ of mandamus with an order from an appropriate administrative judge granting [her] permission to proceeding with the filing." *In re Vara*, 2023 WL 4771212, at *1.

Further, to the extent Vara seeks mandamus relief against the local administrative judge, the Clerk of this Court may not file, and we lack jurisdiction over, a petition for writ of mandamus challenging a local administrative judge's decision to deny permission to file a litigation unless the litigant applies "for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision."[2] Tex. Civ. Prac. & Rem. Code Ann. § 11.102(f); *see* Tex. Civ. Prac. &

---

[2] We note that although Vara requests mandamus relief against the local administrative judge, Vara failed to identify the local administrative judge as a respondent in her mandamus petition and failed to serve the local administrative judge with a copy of the petition. *See* Tex. R. App. P. 9.5(a), (d), 52.3(b).

Rem. Code Ann. § 11.103(a), (d); *Vara v. Vara*, No. 08-23-00350-CV, 2023 WL 9021164, at *1 (Tex. App.—El Paso Dec. 29, 2023, orig. proceeding) (mem. op.); *In re Johnson*, 390 S.W.3d 584, 586 (Tex. App.—Amarillo 2012, orig. proceeding). Vara's petition, however, was filed well beyond 30 days after the local administrative judge issued any of its orders.

Accordingly, we dismiss Vara's petition for writ of mandamus for want of jurisdiction. We dismiss any pending motions as moot.

MARIA SALAS MENDOZA, Chief Justice

February 27, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.